# THOMPSON *v.* STORRIE.

PATENTS; INTERFERENCE; DILIGENCE; PRELIMINARY STATEMENT.

1. If the proved dates of conception, disclosure, and reduction to practice of the junior party to an interference are prior to the date of disclosure alleged by the senior party in his preliminary statement, there is no burden on the junior party to show diligence in reducing to practice. (Following *Paul* v. *Johnson,* 23 App. D. C. 187).

2. A party to an interference may show that his reduction to practice was at a later date than that alleged in his preliminary statement, if by permitting him to do so no harm or prejudice will result to the other party. (Following *Herman* v. *Fullman,* 23 App. D. C. 259). The purpose of rule 110 of the Patent Office is to prevent a party from claiming an earlier date than that alleged to the prejudice of his adversary.

No. 1074. Patent Appeals. Submitted November 20, 1916. Decided April 23, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. H. A. Toulmin* for the appellant.

*Mr. E. L. Thurston* and *Mr. A. F. Kwis* for the appellee.

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

This is an appeal by Ralph P. Thompson from the decision of the Commissioner of Patents in the matter of the interference declared between the application of Thompson for letters

patent for improvements in shock absorbers or auxiliary springs for vehicles and the application of William Storrie, the appellee, for letters patent for a like invention. The issue involved is sufficiently set forth for the purpose of this decision in count 1 of the interference, as follows: "In combination, a support embodying a base and an off standing portion, a yieldable device mounted upon the said base, a connection suspended from the yieldable device and passing there through and through the base, links embracing the support and the off standing portion thereof, and pivotally connected at one end to such off standing portion and at its opposite end to the before-mentioned connection, and other links connecting the vehicle spring with the first-mentioned links and the said connection, said links having a toggle arrangement."

Storrie is the junior party in the interference, his application having been filed on March 18, 1914, while that of Thompson was filed on December 18, 1913. With the burden of proof resting upon Storrie, all three tribunals of the Patent Office found that Storrie had proved disclosure in October, 1912, and reduction to practice not later than October, 1913, and as the preliminary statement of Thompson filed in the interference alleged November 18, 1913, as the date of disclosure of his invention, priority of invention of the device covered by the issues of the interference was awarded to Storrie.

Storrie, in his preliminary statement, alleged conception and disclosure on September 23 or 24, 1912, and reduction to practice on April 4, 1913. The evidence clearly established the fact that Storrie conceived his invention on shipboard, coming from Glasgow, Scotland, to New York, on September 24, 1912, and that on the same day he made a sketch of the invention in a notebook. The notebook was produced in evidence, and the drawings therein showed a shock absorber as a device containing all the elements involved in the issue. In fact, this is not questioned by Thompson. The evidence also clearly established the fact that Storrie explained his invention to one Wilson and other persons, showing them the sketch in his notebook, in October, 1912. The finding of the tribunals of the Patent Office

that Storrie's date of disclosure was October, 1912, was therefore correct, and there is no contention over that date by Thompson.

On the day in October, 1912, that he made disclosure of his invention, Storrie took up with the representative of a manufacturing company the question of manufacturing a shock absorber of the character shown in his sketch, and he and the manufacturer decided at that time to make a shock absorber *without the off standing portion and the side links,* as shown in the sketch. That device was completed in March, 1913, tested the first week of April, 1913, and found to be unsuccessful. The evidence discloses that Storrie then took up the consideration of the manufacture of a device of the character which he originally disclosed to Wilson, that is, a shock absorber *with the off standing portion and the side links as shown in Storrie's original sketch,* and drawings for this device were made in June, 1913. These shock absorbers were completed in October and the evidence established the fact that they were successfully tested between October 27 and 29, 1913, by placing them on a car and running the car. These shock absorbers remained on the car until March, when they were taken off and presented as exhibits in the interference proceeding. The finding of the tribunals of the Patent Office that there was reduction to practice of a device within the issues of the interference in October, 1913, was consequently proper.

If Storrie's dates of conception, disclosure, and reduction to practice of a shock absorber within the issues of the interference were prior to November 18, 1913, the date of Thompson's alleged disclosure as alleged in his "preliminary statement," Storrie had no burden of diligence imposed upon him, and, notwithstanding that he did not for over a year after his invention reduce it to practice, he was entitled to an award of priority if the question of priority was the simple one as to the sufficiency of the evidence to establish the dates upon which to base the award. *Chrislie* v. *Seybold,* 5 C. C. A. 33, 6 U. S. App. 520, 55 Fed. 69; *Paul* v. *Johnson,* 23 App. D. C. 187.

Thompson contends, however, that the "preliminary state-

ment" filed by Storrie refers to a device not within the issues of the interference, in that the "preliminary statement" alleges a reduction to practice on or about April 4, 1913, and the evidence for Storrie shows that the device constructed by Storrie and tested on that date was *without the off standing portion and the side links* shown in the original sketches of the shock absorber, which were introduced in evidence as part of the proof of conception and disclosure.

It is not denied by Storrie that the full-sized device which was tested in April, 1913, was *without the off-standing portion and the side links,* but he stated that before he made his "preliminary statement" he was advised that he could take advantage of the dates when he reduced to practice that device. The allegations in his "preliminary statement" relative to conception, disclosure, and the making of drawings do refer to a device within the issues declared in the interference, and after the device which he constructed and tested in April, 1913, had, by the elimination of certain of the essentials which later became embodied in the issues declared in the interference, proven unsuccessful, he went on and constructed a device that was within the issues. It was this device which was reduced to practice by successful operation in October, 1913.

In the decision of the Examiners in Chief, filed on March 13, 1916, is found this statement: "We do not think it has been customary to require that a preliminary statement shall give the date of every embodiment of the invention upon which the applicant may rely, and the parties often fail to prove the date alleged because the device does not fall within the issue. Under these circumstances it is customary to go to and consider the testimony as to later work. In the absence of a generally understood practice we do not feel justified in depriving Storrie of the benefit of his testimony as to reduction to practice of the shock absorber with the side links."

That conclusion of the Examiners in Chief, which was adopted by the Commissioner of Patents in affirming the decision of the Examiners in Chief, seems entirely logical and sound. Rule 110 of the Patent Office seems obviously designed for the pur-

pose of preventing an applicant, after an interference has been declared between his invention and some other one, from advancing his dates during the progress of the taking of the testimony in order to meet his opponent. The rule is simply intended to require the applicant to put upon record the date of his conception and disclosure, and the date of his reduction to practice, and thereafter to be able to claim no earlier date, no matter how necessary an earlier date may thereafter become to him.

It certainly never could have been intended in the formulation of the rule that one who had conceived and disclosed a patentable device and made drawings thereof, and who, after producing a device with some of the embodiments of the original conception eliminated and finding it unsuccessful, proceeded thereafter to construct and successfully reduce to practice a device in exact accordance with the conception and disclosure, should be prevented from claiming priority in an interference proceeding, where the last-constructed and successful device was within the issues of the interference, by the mere fact that his "preliminary statement," filed in the interference proceeding, which properly set up the dates of conception, disclosure, and making of drawings of the device within the issues, erroneously alleged as the date of reduction to practice the date when the unsuccessful device was tested rather than the later date when the successful device within the issues was reduced to practice.

Where there is a "preliminary statement," as in the present case, which has the alleged dates of conception and disclosure of a device within the issues of the interference sustained by the testimony, and the date of reduction to practice alone is not sustained but a later date is established, it cannot be contended, as Thompson contends, that the "preliminary statement" refers to a device not in issue. The *"preliminary statement"* is a valid one, and there is presented the simple case of one of the dates in such statement having been erroneously alleged. It can make no difference to Thompson whether Storrie's alleged date of reduction to practice, which was not sustained by his evidence, was due to Storrie's mistaken allegation of a date when he actually tested a device which eliminated some of the embodi-

ments of the issue, or was due to simple error in alleging the correct date when he successfully operated and therefore reduced to practice the device which is within the issues of the interference. The case is, in either aspect, the simple one of a date alleged in the "preliminary statement" and a later one proved.

In *Herman v. Fullman*, 23 App. D. C. 259, this court said, respecting just such a case: "It is objected that because of a discrepancy between the date of reduction to practice as stated in the preliminary statement and that shown in evidence, by Fullman, such evidence should not have been considered by the tribunals of the Patent Office, nor by this court of appeal. * * * It does not appear that any harm or prejudice has been caused to Herman by this variance between the dates in the preliminary statement and those shown in the proof produced by Fullman. The dates furnished in the proof are later than those stated in the preliminary statement; and it is not perceived how prejudice could well be produced by such discrepancy."

The present case involves precisely the same principle, and Thompson not being harmed by the variance between the date of reduction to practice alleged in the "preliminary statement" of Storrie and the date, a later one, established in the evidence by Storrie, the decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings, as by law required.                    *Affirmed.*